UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA CARRETO and MIGUEL A. CARRETO, individually and on behalf of all other persons similarly situated who were employed by ST MANAGEMENT GROUP INC. and/or 51st St. BAKERY, LLC and/or 52nd St. Bakery LLC (D/B/A CAFÉ METRO) and/or 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE) and/or CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO) and/or CGT BAKERY CORP. (D/B/A FOOD MERCHANTS) and/or LEX BAKERY CORP. (D/B/A CAFÉ METRO) and/or METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or STEVE TENEDIOS; and/or any other entities affiliated with or controlled by ST MANAGEMENT GROUP INC. and/or 51st St. BAKERY, LLC and/or 52nd St. Bakery LLC (D/B/A CAFÉ METRO) and/or 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE) and/or CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO) and/or CGT BAKERY CORP. (D/B/A FOOD MERCHANTS) and/or LEX BAKERY CORP. (D/B/A CAFÉ METRO) and/or METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or STEVE TENEDIOS,<br><br>                                                            Plaintiffs,<br>         - against –<br><br>ST MANAGEMENT GROUP INC. and/or 51st St. BAKERY LLC, 52nd St. Bakery LLC (D/B/A CAFÉ METRO), 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE), CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO), CGT BAKERY CORP. (D/B/A FOOD MERCHANTS), ST MANAGEMENT GROUP, LEX BAKERY CORP. (D/B/A CAFÉ METRO), METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or STEVE TENEDIOS, and/or any other entities affiliated with or controlled ST MANAGEMENT GROUP INC. and/or by 51st St. BAKERY, LLC and/or 52nd St. Bakery LLC (D/B/A CAFÉ METRO) and/or 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE) and/or CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO) and/or CGT BAKERY CORP. (D/B/A FOOD MERCHANTS) and/or LEX BAKERY CORP. (D/B/A CAFÉ METRO) and/or METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or STEVE TENEDIOS,<br><br>                                                           Defendants. | Dockety No.:<br><br>10-CV-5784 (JSR) |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement ("Agreement") is entered into by the undersigned counsel for the plaintiffs identified as ANA CARRETO, MIGUEL A. CARRETO (collectively "Named Plaintiffs"), as well as ALEJANDRO GRANDE, AMADEO CIPRIANO, ANTHONY ROSE,

1

BASSIROU DIENG, BERNARDINO DURAN TORRES, FARAH F. BOULIN, HAMIMI HASNAE, JAMIE ALBANO, MARK GREISS, MIGUEL VALENCIA, MOMAR THIAM, NADA ENNASSER, NICOLAS SANCHEZ, OMAR PEREZ, (collectively "FLSA Plaintiffs") (FLSA Plaintiffs and Named Plaintiffs hereinafter collectively referred to as "Plaintiffs") and ST MANAGEMENT GROUP INC. and/or 51st St. BAKERY LLC, 52nd St. Bakery LLC (D/B/A CAFÉ METRO), 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE), CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO), CGT BAKERY CORP. (D/B/A FOOD MERCHANTS), ST MANAGEMENT GROUP, LEX BAKERY CORP. (D/B/A CAFÉ METRO), METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or STEVE TENEDIOS, and/or any other entities affiliated with or controlled ST MANAGEMENT GROUP INC. and/or by 51st St. BAKERY, LLC and/or 52nd St. Bakery LLC (D/B/A CAFÉ METRO) and/or 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE) and/or CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO) and/or CGT BAKERY CORP. (D/B/A FOOD MERCHANTS) and/or LEX BAKERY CORP. (D/B/A CAFÉ METRO) and/or METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or STEVE TENEDIOS (collectively referred to as "Defendants") conditioned upon entry by the Court of a Final Order and Judgment approving this Agreement and dismissing with prejudice all claims encompassed by this Agreement.

## I. RECITALS AND BACKGROUND

Plaintiffs are current and former employees of Café Metro, Food Merchants or Food Exchange (hereinafter referred to as "Café Metro") who performed work as delivery persons, dishwashers, food preparers, cooks, stock persons, servers, cleaners, and in other restaurant related tasks from August 1, 2007 through the present at any of the following locations: 51st St Bakery, LLC – 569 Lexington Avenue (Café Metro), 52nd St Bakery, LLC – 22 West 52nd Street

(Café Metro), 120 East Bakery Corp. – 120 East 59th Street (Food Exchange); CGT Bakery Corp. – 451 Lexington Avenue (Food Merchants), Lex Bakery Corp. – 466 Lexington Avenue (Café Metro), Metro Rock Corp. – 1221 Sixth Avenue (Café Metro), Cambridge 47th Inc. – 400 Madison Avenue (Café Metro), 42nd Street Bakery, LLC – 14 East 42nd Street (Café Metro), 57th Street Bakery, LLC – 200 West 57th Street (Café Metro) and 370 Lexington Avenue (Café Metro).

On July 30, 2010, Plaintiffs filed the above-captioned class action lawsuit against Defendants to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and New York Labor Law ("NYLL"), N.Y. Lab. Law. §§ 191, 193, 663; 12 NYCRR § 142-2.2, 142-2.4.  Defendants answered Plaintiffs' Complaint on August 5, 2010.

On February 7, 2011, this Court approved the parties Stipulation and Order conditionally certifying this action as a collective action pursuant to 29 U.S.C. § 216(b), and authorizing notice to the putative class.

On February 22, 2011, the court-approved notice and consent to join lawsuit form were mailed to 1225 putative class members, giving them until April 18, 2011 to opt-in to this action. Twenty-one (21) individuals filed consent to join lawsuit forms within the opt-in period.[1]

Throughout the action, Defendants have denied all material allegations of wrongdoing alleged against them.  Defendants dispute all claims for damages and other relief made by Plaintiffs.  Plaintiffs have vigorously prosecuted this case, and Defendants have vigorously defended it.  The parties have engaged in discovery to assess the relative merits of the claims

---

[1] During discovery it was determined that two of the opt-in Plaintiffs never performed work for Defendants, and four of the opt-in Plaintiffs never responded to Plaintiffs' counsel's numerous attempts to contact them regarding their claims.  Accordingly, this Settlement Agreement is entered into between the Defendants and the fifteen opt-in Plaintiffs listed above.

3

raised in this action.  The parties agree that the discovery conducted in this action has been sufficient to assess reliably the merits of the respective parties' positions and to compromise the issues on a fair and equitable basis.

The parties recognize the uncertainties of the outcome of this action and have agreed to settle the claims of the Plaintiffs after extensive arms-length bargaining and after taking into account the expense and length of time necessary to prosecute and defend the action through trial.  If litigation continues it may take years before there would be a final adjudication of the claims asserted.  In contrast, the proposed settlement provides substantial and immediate benefits to Plaintiffs.

Based on these considerations, and without conceding any infirmity or defect in the claims Plaintiffs have asserted, Virginia & Ambinder, LLP, as their counsel, conclude that it is in the best interest of Plaintiffs to settle their claims, on the terms set forth herein, and contend such settlement to be fair, reasonable, and adequate.  Defendants have agreed to settle the claims asserted in the action in order to achieve certainty and finality, avoid further considerable expense, inconvenience, and the burden that would be involved in protracted litigation, avoid the possibility of a judgment being obtained in excess of the settlement amount agreed to herein, and put to rest all claims which have been or could have been asserted based upon the allegations contained in the Complaint, but do not admit any liability or wrongdoing of any kind.

## II.   SETTLEMENT TERMS

### A.   Settlement Payments

(i)   In consideration of this Agreement and Release and withdrawal of the lawsuit Plaintiffs filed in the United States District Court for the Southern District of New York Docket No. 10-CV-5784 and in compliance with the promises, covenant, conditions and agreements

made herein, Defendants agree to pay Plaintiffs the total gross sum of Thirty-One Thousand, Eight Hundred, Eighty-Three dollars and Seventy-Five cents ($31,883.75).  The amounts allocated to each class member ("Settlement Payment") are described on Exhibit 1 attached hereto.

(ii)   The Settlement Payment made to each Plaintiff does not necessarily represent the exact amount that each Plaintiff may be owed by the Defendants for back wages, unpaid wages, or other damages.  The Settlement Payment is based on a sum negotiated by Plaintiffs' counsel with the consent of each Plaintiff in order to resolve this litigation.

(iii)  Defendants shall also pay a gross amount of Fifty-Five Thousand dollars ($55,000) to Class Counsel for their attorneys' fees, costs and expenses incurred in connection with litigating this action.

(iv)  Each Plaintiff shall be required to execute a release further described herein in order to receive his or her settlement payment.  Plaintiffs' counsel shall not release any settlement check to a Plaintiff until he or she has signed the release before a notary and delivered it to Plaintiffs' counsel.  Plaintiff's counsel shall forward the release via email and first class mail to Defendants' counsel within one business day after receipt.

(v)   The payment of attorney fees and costs, in the amount of $55,000.00, shall be paid by Defendants in the form of a check made payable to Virginia & Ambinder, LLP and mailed to 111 Broadway, Suite 1403, New York, New York 10006 by no later than ten (10) days from the date that an order is entered by the Court granting final approval of this Agreement.

(vi)  To the extent that Defendants should default in paying the respective amounts due, then Plaintiffs may move to reopen this matter as against the defaulting party to enforce the terms of this agreement.

**B.     Indemnification**

Plaintiffs are solely responsible for complying with any and all taxing obligations arising from receipt of the Settlement Payment.

**C.     No Other Payment Due**

Except as specifically provided in this Agreement, Plaintiffs agree that individually they are not entitled to any other payments for salary, benefits, wages, bonuses, allowances, compensatory time, severance pay, notice pay, vacation or holidays, accrued leave, paid leave, or any other form or kind of payment or compensation from the Defendants.

**D.     Waiver and General Release**

Settlement with the FLSA Plaintiffs is strictly limited to work performed at the following locations:

> 51st St Bakery, LLC – 569 Lexington Avenue (Café Metro)
> 52nd St Bakery, LLC – 22 West 52nd Street (Café Metro)
> 120 East Bakery Corp. – 120 East 59th Street (Food Exchange)
> CGT Bakery Corp. – 451 Lexington Avenue (Food Merchants)
> Lex Bakery Corp. – 466 Lexington Avenue (Café Metro)
> Metro Rock Corp. – 1221 Sixth Avenue (Café Metro)
> Cambridge 47th Inc. – 400 Madison Avenue (Café Metro)
> 42nd Street Bakery, LLC – 14 East 42nd Street (Café Metro)
> 57th Street Bakery, LLC – 200 West 57th Street (Café Metro)
> 370 Lexington Avenue (Café Metro)

Nothing herein shall be deemed to release any claims that the FLSA Plaintiffs may have for work performed at any other location other than those identified above. All Plaintiffs shall be required to execute general releases of all further claims, attorney fees, costs, and interest in the form annexed hereto as Exhibit 2 as a condition of receiving his or her settlement payment. Such Releases shall be delivered to the Defendants' counsel upon within one business day via e-mail and regular mail.

### E. Dismissal of Action

Upon approval of the Final Order by the Court, the parties hereby agree to file an executed stipulation of dismissal pursuant to Rule 41 of the Federal Rules of the Civil Procedure as attached hereto as Exhibit 3, terminating this Action with prejudice.

## III. NON-ADMISSION OF WRONGDOING

The Parties agree that this Agreement is entered into as a settlement and compromise of vigorously disputed claims. Defendants wholly deny any liability. Accordingly, the Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at anytime for any purpose as an admission by Defendants of any liability or unlawful conduct of any kind.

## IV. ACCORD AND SATISFACTION

Should any proceeding be instituted by any Plaintiff with respect to matters here settled, released or waived pursuant to the Agreement, other than an action or proceeding to enforce the terms of the Agreement, this Agreement shall be deemed full accord, satisfaction and settlement of any such claim(s) and sufficient basis for its/their immediate dismissal.

## V. CONFIDENTIALITY

Unless otherwise required by law, the terms and provisions, and existence of this Agreement and the documents or substance of any documents exchanged during this action shall not, directly or indirectly be disclosed (in whole or in part) or characterized by defendants, plaintiff or by their respective attorneys to anybody except to the parties' tax advisors, attorneys, and to spouses, each of whom has agreed to maintain such information in confidence. Plaintiffs represent and warrant that, except as heretofore disclosed in writing to defendants, neither plaintiffs, their spouses, tax advisors, or attorneys have made any disclosure or characterization

of the compensation that Plaintiffs are receiving under this Agreement. Anything to the contrary notwithstanding, the terms of this Agreement may be disclosed in a proceeding to enforce this Agreement, or where required by applicable law, court order, or subpoena, but provided that if they are required by law, the disclosing party shall notify counsel in writing of any such required disclosure not less than ten (10) days prior to the time set for disclosure to allow the other party sufficient time to respond.

If a Plaintiff intentionally breaches this confidentiality provision, and Defendants successfully prove such breach at trial, that Plaintiff will be liable to Defendants for liquidated damages in an amount equal to 50% of their Settlement Payment and will be liable for Defendants' reasonable attorneys' fees and costs. In the event Defendants are unsuccessful in proving Plaintiff's intentional breach of this confidentiality provision at trial, Defendants shall be liable for Plaintiff's reasonable attorneys' fees and costs

**VI.  NON-DISPARAGMENT**

The plaintiffs and the defendants agree that they shall not act in any manner that might damage the business or reputation of the other, including but not limited to, making disparaging or detrimental comments, statements or the like about the other in their professional and/or personal capacity to the media or otherwise.

**VII.  RE-EMPLOYMENT**

Plaintiffs hereby waive any and all rights to employment, reinstatement or reemployment with the defendants, their parents, subsidiaries, affiliates, successors and assigns, or divisions, and specifically agree that they will not in the future ever seek reemployment in any position by defendants, their parents, subsidiaries, affiliates, successors and assigns, or divisions, nor will they seek or apply for any such employment either directly or indirectly through an employment

agency, temporary agency, or third party.

VIII.   **ADDITIONAL REPRESENTATIONS**

By signing this Agreement, Plaintiffs further acknowledge and agree that:

(a) Plaintiffs have been advised they have a period of twenty-one (21) calendar days from the date that they receive this Agreement to review and deliberate whether or not to sign it, and they have elected to waive this right;

(b) Plaintiffs have consulted with an attorney before executing this Agreement;

(c) Plaintiffs have signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

(d) The only consideration for signing this Agreement are the terms stated herein and no other promise, agreement or representation of any kind has been made to Plaintiffs by any person or entity whatsoever to cause Plaintiffs to sign this Agreement.

IX.   **ENTIRE AGREEMENT**

This Agreement contains the entire understanding between the parties, and neither is relying upon any representations or statements, written or oral, made by or on behalf of any party, which is not set forth herein.

X.   **WAIVER AND MODIFICATION**

This Agreement, including this paragraph, may not be altered except by a writing signed by all parties.  It may not be modified orally.  This Agreement supersedes all prior agreements between the parties.  No provision hereof may be waived unless in writing and signed by counsel for the parties.

**XI.    SEVERABILITY**

If any term or provision of this Agreement is held to be invalid or unenforceable, the remaining portions of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the parties, as determined from the fact of the Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision, provided, however, that upon any finding by a court of competent jurisdiction or governmental agency that any of the releases provided for in this Agreement are illegal, void, or unenforceable or not entered into knowingly and voluntarily or otherwise ineffective, Plaintiffs agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable or return the Settlement Amount paid under this Agreement at the sole discretion of the Defendants.

**XII.    COUNTERPARTS**

This Agreement may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

**XIII.    GOVERNING LAW**

This Agreement shall be governed by and interpreted in accordance with the laws of the State of New York without regard to New York's conflict of law provisions.

**XIV.    TRANSLATION**

Plaintiffs state that they have had this document be translated into Spanish, and that they understand and consent to the terms of this Agreement.

**IN WITNESS THEREOF,** the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the dates set forth below:

| On Behalf of Plaintiffs | On Behalf of Defendants |
|---|---|
| By:_____/s/_____<br>LaDonna M. Lusher, Esq.<br>VIRGINIA & AMBINDER, LLP<br>111 Broadway, Suite 1403<br>New York, New York 10006<br>Tel: (212) 943-9080 | By:_____/s/_____<br>Andrew Hoffmann, Esq.<br>HOFFMANN & ASSOCIATES, P.C.<br>450 Seventh Avenue, Suite 1400<br>New York, New York 10123<br>(212) 679-0400 |
| Dated:  August 11, 2011 | Dated:  August 11, 2011 |

## EXHIBIT 2
## GENERAL RELEASE TO BE EXECUTED BY ALL FLSA PLAINTIFFS

FOR AND IN CONSIDERATION OF THE SUM OF _____, the receipt of which is hereby acknowledged, that certain Settlement Agreement and General Release, which has been executed by counsel, in which this General Release is referenced and made a part thereof, the full performance of which is hereby acknowledged, and other good and valuable consideration, the receipt and sufficiency of which is hereby also acknowledged, _____ for him and for his heirs, legal representatives, estates and successors in interest (the "Releasor") hereby releases and forever discharges ST Management Group, Inc., 51st St Bakery, LLC, 52nd St Bakery, LLC, 120 East Bakery Corp., Cambridge 47th Inc., CGT Bakery Corp., ST Management Group, Lex Bakery Corp., Metro Rock Corp. and Steve Tenedios, individually and jointly, as well as their respective owners, officers, directors, shareholders, agents, heirs, executors, administrators, corporate parents, subsidiaries, affiliates, related parties, predecessors, successors and assigns (the "Releasees") of and from any and all actions, causes of action, suits, debts, claims, complaints, contracts, controversies, agreements, promises, damages, claims for costs or attorneys' fees, cross-claims, claims for contribution, claims for indemnity, claims for employment benefits, judgments, and demands whatsoever, in law or equity, he ever had, now has, or shall have against the Releasees as of the Date of this Release, including, but not limited to, violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.; the Older Workers Benefit Protection Act; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act of 1974; the Immigration Reform and Control Act; the Americans with Disabilities Act of 1990; the Workers' Compensation Act; the Workers Adjustment and Retraining Notification Act; the Occupational Safety and Health Act; the Sarbanes-Oxley Act of 2002; the New York State Human Rights Law; the New York City Human Rights Law; the New York State Minimum Wage Law; the New York Workers' Compensation Law; the New York Labor Law; any of such laws as amended from time to time, or other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; New York public policy, contract, tort, or common law; or wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions, ordinances, public policy, contract or tort laws, or any other claim for alleged employment discrimination, sexual or other harassment, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress, claims specifically limited to and arising from, or that could have made, in the lawsuit entitled *Ana Carreto, et al. v. ST Management Group, Inc., et al.,* No. 10-CV-5784 (S.D.N.Y.) only for work performed by the Releasor at the following locations: 51st St Bakery, LLC – 569 Lexington Avenue (Café Metro); 52nd St Bakery, LLC – 22 West 52nd Street (Café Metro); 120 East Bakery Corp. – 120 East 59th Street (Food Exchange); CGT Bakery Corp. – 451 Lexington Avenue (Food Merchants); Lex Bakery Corp. – 466 Lexington Avenue (Café Metro); Metro Rock Corp. – 1221 Sixth Avenue (Café Metro); Cambridge 47th Inc. – 400 Madison Avenue (Café Metro); 42nd Street Bakery, LLC – 14 East 42nd Street (Café Metro); 57th Street Bakery, LLC – 200 West 57th Street (Café Metro); 370 Lexington Avenue (Café Metro). under the common law, or any other action. Releasor represents that s/he has received complete satisfaction for any and all claims, whether known, suspected, or unknown, that they may have or have had against the Releasees, any and all of their corporate

parents, owners, subsidiaries, affiliates, related parties, predecessors, successors and assigns, the present or former officers, directors, trustees, governors, representatives, employees and agents of any of them, whether in their individual or official capacities, and their heirs, executors, administrators, distributees and legatees as of the date of this Release, and he hereby waives any and all relief for such claims.  This Release may not be changed orally.

The Releasor and the Releasees agree that they shall not act in any manner that might damage the business or reputation of the other, including but not limited to, making disparaging or detrimental comments, statements or the like about the other in their professional and/or personal capacity to the media or otherwise.

Releasor hereby waives any and all rights to employment, reinstatement or reemployment with the Releasees, their parents, subsidiaries, affiliates, successors and assigns, or divisions, and specifically agree that they will not in the future ever seek reemployment in any position by defendants, their parents, subsidiaries, affiliates, successors and assigns, or divisions, nor will they seek or apply for any such employment either directly or indirectly through an employment agency, temporary agency, or third party.

Releasor further acknowledge and agree that: (i) He or she has been advised they have a period of twenty-one (21) calendar days from the date that he or she receives this Release to review and deliberate whether or not to sign it, and he or she has elected to waive this right; (ii) Releasor has consulted with an attorney before executing this document; (iii) Releasor signed this freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder; (iv) the only consideration for signing this document are the terms stated herein and in the Agreement that has been explained to me by Plaintiffs' counsel, and no other promise, agreement or representation of any kind has been made by any person or entity whatsoever to cause me to sign this document.

_____
(plaintiff0

STATE OF NEW YORK            )
                             :
COUNTY OF NEW YORK           )

On the ___day of _____ 2011 before me personally came
_____, to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

Notary Public:

_____

## **GENERAL RELEASE TO BE EXECUTED BY NAMED PLAINTIFFS**

FOR AND IN CONSIDERATION OF THE SUM OF _____, the receipt of which is hereby acknowledged, that certain Settlement Agreement and General Release, which has been executed by counsel, in which this General Release is referenced and made a part thereof, the full performance of which is hereby acknowledged, and other good and valuable consideration, the receipt and sufficiency of which is hereby also acknowledged, _____ for him and for his heirs, legal representatives, estates and successors in interest (the "Releasor") hereby releases and forever discharges ST Management Group, Inc., 51st St Bakery, LLC, 52nd St Bakery, LLC, 120 East Bakery Corp., Cambridge 47th Inc., CGT Bakery Corp., ST Management Group, Lex Bakery Corp., Metro Rock Corp. and Steve Tenedios, individually and jointly, as well as their respective owners, officers, directors, shareholders, agents, heirs, executors, administrators, corporate parents, subsidiaries, affiliates, related parties, predecessors, successors and assigns (the "Releasees") of and from any and all actions, causes of action, suits, debts, claims, complaints, contracts, controversies, agreements, promises, damages, claims for costs or attorneys' fees, cross-claims, claims for contribution, claims for indemnity, claims for employment benefits, judgments, and demands whatsoever, in law or equity, he ever had, now has, or shall have against the Releasees as of the Date of this Release, including, but not limited to, violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.; the Older Workers Benefit Protection Act; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; the Employee Retirement Income Security Act of 1974; the Immigration Reform and Control Act; the Americans with Disabilities Act of 1990; the Workers' Compensation Act; the Workers Adjustment and Retraining Notification Act; the Occupational Safety and Health Act; the Sarbanes-Oxley Act of 2002; the New York State Human Rights Law; the New York City Human Rights Law; the New York State Minimum Wage Law; the New York Workers' Compensation Law; the New York Labor Law; any of such laws as amended from time to time, or other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance; New York public policy, contract, tort, or common law; or wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions, ordinances, public policy, contract or tort laws, or any other claim for alleged employment discrimination, sexual or other harassment, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress, any claim arising under the common law, or any other action. Releasor represents that he has received complete satisfaction for any and all claims, whether known, suspected, or unknown, that they may have or have had against the Releasees, any and all of their corporate parents, owners, subsidiaries, affiliates, related parties, predecessors, successors and assigns, the present or former officers, directors, trustees, governors, representatives, employees and agents of any of them, whether in their individual or official capacities, and their heirs, executors, administrators, distributees and legatees as of the date of this Release, and he hereby waives any and all relief for such claims. This Release specifically includes any claims that Releasor made, or could have made, in the lawsuit entitled *Ana Carreto, et al. v. ST Management Group, Inc., et al.,* No. 10-CV-5784 (S.D.N.Y.). This Release may not be changed orally. I further state that the foregoing has been carefully read and translated into Spanish, and I understand and agreed to these terms.

The Releasor and the Releasees agree that they shall not act in any manner that might damage the business or reputation of the other, including but not limited to, making disparaging or detrimental comments, statements or the like about the other in their professional and/or personal capacity to the media or otherwise.

Releasor hereby waives any and all rights to employment, reinstatement or reemployment with the Releasees, their parents, subsidiaries, affiliates, successors and assigns, or divisions, and specifically agree that they will not in the future ever seek reemployment in any position by defendants, their parents, subsidiaries, affiliates, successors and assigns, or divisions, nor will they seek or apply for any such employment either directly or indirectly through an employment agency, temporary agency, or third party.

Releasor further acknowledge and agree that: (i) He or she has been advised they have a period of twenty-one (21) calendar days from the date that he or she receives this Release to review and deliberate whether or not to sign it, and he or she has elected to waive this right; (ii) Releasor has consulted with an attorney before executing this document; (iii) Releasor signed this freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder; (iv) the only consideration for signing this document are the terms stated herein and in the Agreement that has been explained to me by Plaintiffs' counsel, and no other promise, agreement or representation of any kind has been made by any person or entity whatsoever to cause me to sign this document.

_____
(plaintiff0


_____
(plaintiff0


STATE OF NEW YORK            )
                             :
COUNTY OF NEW YORK           )


On the ___day of _____ 2011 before me personally came
_____, to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.


Notary Public:


_____

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA CARRETO and MIGUEL A. CARRETO, individually and on behalf of all other persons similarly situated who were employed by ST MANAGEMENT GROUP INC. and/or 51st St. BAKERY, LLC and/or 52nd St. Bakery LLC (D/B/A CAFÉ METRO) and/or 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE) and/or CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO) and/or CGT BAKERY CORP. (D/B/A FOOD MERCHANTS) and/or LEX BAKERY CORP. (D/B/A CAFÉ METRO) and/or METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or  STEVE TENEDIOS; and/or any other entities affiliated with or controlled by ST MANAGEMENT GROUP INC. and/or 51st St. BAKERY, LLC and/or 52nd St. Bakery LLC (D/B/A CAFÉ METRO) and/or 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE) and/or CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO) and/or CGT BAKERY CORP. (D/B/A FOOD MERCHANTS) and/or LEX BAKERY CORP. (D/B/A CAFÉ METRO) and/or METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or  STEVE TENEDIOS,<br><br>Plaintiffs,<br><br>- against –<br><br>ST MANAGEMENT GROUP INC. and/or 51st St. BAKERY LLC, 52nd St. Bakery LLC (D/B/A CAFÉ METRO), 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE), CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO), CGT BAKERY CORP. (D/B/A FOOD MERCHANTS), ST MANAGEMENT GROUP, LEX BAKERY CORP. (D/B/A CAFÉ METRO), METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or STEVE TENEDIOS, and/or any other entities affiliated with or controlled ST MANAGEMENT GROUP INC. and/or by 51st St. BAKERY, LLC and/or 52nd St. Bakery LLC (D/B/A CAFÉ METRO) and/or 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE) and/or CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO) and/or CGT BAKERY CORP. (D/B/A FOOD MERCHANTS) and/or LEX BAKERY CORP. (D/B/A CAFÉ METRO) and/or METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or  STEVE TENEDIOS,<br><br>Defendants. | Dockety No.:<br><br>10-CV-5784 (JSR)<br><br>**STIPULATION OF DISMISSAL** |

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the parties, that whereas no person to this action is an infant or incompetent person

for whom a committee has been appointed, the above captioned matter is hereby discontinued with prejudice and without costs to any party against the other.

  A facsimile or electronically transmitted copy of this Stipulation shall be deemed an original for filing purposes, and may be executed in counterparts.

Dated: New York, New York
    _____, 2011

| | |
|---|---|
| VIRGINIA & AMBINDER, LLP | HOFFMANN & ASSOCIATES, P.C. |
| Attorneys for Plaintiffs and Putative Class | Attorneys for Defendants |
| 111 Broadway, Suite 1403 | 450 Seventh Avenue, Suite 1400 |
| New York, New York 10006 | New York, NY 10123 |
| (212) 943-9080 | (212) 679-0400 |
| | |
| By:_____ | By: _____ |
|  LaDonna M. Lusher, Esq. |  Andrew S. Hoffmann, Esq. |