UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA CARRETO and MIGUEL A. CARRETO, individually and on behalf of all other persons similarly situated who were employed by ST MANAGEMENT GROUP INC. and/or 51st St. BAKERY, LLC and/or 52nd St. Bakery LLC (D/B/A CAFÉ METRO) and/or 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE) and/or CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO) and/or CGT BAKERY CORP. (D/B/A FOOD MERCHANTS) and/or LEX BAKERY CORP. (D/B/A CAFÉ METRO) and/or METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or STEVE TENEDIOS; and/or any other entities affiliated with or controlled by ST MANAGEMENT GROUP INC. and/or 51st St. BAKERY, LLC and/or 52nd St. Bakery LLC (D/B/A CAFÉ METRO) and/or 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE) and/or CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO) and/or CGT BAKERY CORP. (D/B/A FOOD MERCHANTS) and/or LEX BAKERY CORP. (D/B/A CAFÉ METRO) and/or METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or STEVE TENEDIOS,

Plaintiffs,

- against –

ST MANAGEMENT GROUP INC. and/or 51st St. BAKERY LLC, 52nd St. Bakery LLC (D/B/A CAFÉ METRO), 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE), CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO), CGT BAKERY CORP. (D/B/A FOOD MERCHANTS), ST MANAGEMENT GROUP, LEX BAKERY CORP. (D/B/A CAFÉ METRO), METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or STEVE TENEDIOS, and/or any other entities affiliated with or controlled ST MANAGEMENT GROUP INC. and/or by 51st St. BAKERY, LLC and/or 52nd St. Bakery LLC (D/B/A CAFÉ METRO) and/or 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE) and/or CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO) and/or CGT BAKERY CORP. (D/B/A FOOD MERCHANTS) and/or LEX BAKERY CORP. (D/B/A CAFÉ METRO) and/or METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or STEVE TENEDIOS,

Defendants.

**Dockety No.:**

**10-CV-5784 (JSR)**

**DECLARATION OF LLOYD AMBINDER IN SUPPORT OF FLSA SETTLEMENT**

LLOYD AMBINDER, an attorney duly admitted to practice in the Courts of the State of New York, affirms under penalties of perjury as follows:

1.      I am over the age of 18 years and have personal knowledge of the matters set forth herein. I declare under penalty of perjury that the following is true and correct.

2.      I am a member of Virginia & Ambinder, LLP ("V&A"), counsel for Plaintiffs ANA CARRETO, MIGUEL A. CARRETO, ALEJANDRO GRANDE, AMADEO CIPRIANO, ANTHONY ROSE, BASSIROU DIENG, BERNARDINO DURAN TORRES, FARAH F. BOULIN, HAMIMI HASNAE, JAMIE ALBANO, MARK GREISS, MIGUEL VALENCIA, MOMAR THIAM, NADA ENNASSER, NICOLAS SANCHEZ, OMAR PEREZ, (collectively "Plaintiffs") in the above-captioned action.

3.      I submit this declaration in support of the Settlement Agreement entered into between Plaintiffs' and Defendants ST MANAGEMENT GROUP INC. and/or 51st St. BAKERY LLC, 52nd St. Bakery LLC (D/B/A CAFÉ METRO), 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE), CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO), CGT BAKERY CORP. (D/B/A FOOD MERCHANTS), ST MANAGEMENT GROUP, LEX BAKERY CORP. (D/B/A CAFÉ METRO), METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or  STEVE TENEDIOS, and/or any other entities affiliated with or controlled ST MANAGEMENT GROUP INC. and/or by 51st St. BAKERY, LLC and/or 52nd St. Bakery LLC (D/B/A CAFÉ METRO) and/or 120 EAST BAKERY CORP. (D/B/A FOOD EXCHANGE) and/or CAMBRIDGE 47th INC. (D/B/A CAFÉ METRO) and/or CGT BAKERY CORP. (D/B/A FOOD MERCHANTS) and/or LEX BAKERY CORP. (D/B/A CAFÉ METRO) and/or METRO ROCK CORP. (D/B/A CAFÉ METRO), and/or  STEVE TENEDIOS (collectively referred to as

"Defendants").  I further submit this declaration in support of Plaintiffs' counsel's application for professional costs and fees.

## BACKGROUND

4.      Plaintiffs are current and former employees of Café Metro, Food Merchants or Food Exchange (hereinafter referred to as "Café Metro") who performed work as delivery persons, dishwashers, food preparers, cooks, stock persons, servers, cleaners, and in other restaurant related tasks from August 1, 2007 through the present at any of the following locations:  51st St Bakery, LLC – 569 Lexington Avenue (Café Metro), 52nd St Bakery, LLC – 22 West 52nd Street (Café Metro), 120 East Bakery Corp. – 120 East 59th Street (Food Exchange); CGT Bakery Corp. – 451 Lexington Avenue (Food Merchants), Lex Bakery Corp. – 466 Lexington Avenue (Café Metro), Metro Rock Corp. – 1221 Sixth Avenue (Café Metro), Cambridge 47th Inc. – 400 Madison Avenue (Café Metro), 42nd Street Bakery, LLC – 14 East 42nd Street (Café Metro), 57th Street Bakery, LLC – 200 West 57th Street (Café Metro) and 370 Lexington Avenue (Café Metro).

5.      On July 30, 2010, Plaintiffs filed the above-captioned lawsuit against Defendants to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and New York Labor Law ("NYLL"), N.Y. Lab. Law. §§ 191, 193, 663; 12 NYCRR § 142-2.2, 142-2.4.  [See Docket No.1.]

6.      Defendants answered Plaintiffs' Complaint on August 5, 2010.   [See Docket No.2.]

7.      On February 7, 2011, this Court approved the parties Stipulation and Order conditionally certifying this action as a collective action pursuant to 29 U.S.C. § 216(b), and authorizing notice to the putative class.  [See Docket No.12.]

8.      On February 22, 2011, the court-approved notice and consent to join lawsuit form were mailed to 1225 putative class members, giving them until April 18, 2011 to opt-in to this action.[1]

9.      Twenty-one (21) individuals filed consent to join lawsuit forms within the opt-in period.

10.     During the opt-in period, the parties engaged in discovery to assess the relative merits of the claims raised by the 21 opt-in claimants.

11.     Following discovery, it was determined that two (2) of the opt-in Plaintiffs, Markisha Williams and Michael Williams, never performed work for Defendants.

12.     Plaintiffs' counsel was also unable to reach four (4) opt-in Plaintiffs, despite numerous attempts to contact them via telephone and regular mail using the contact information provided on their consent to join lawsuit forms.  These individuals are:  Babul Chandra Ray, Fernando Bahena, Juan Carlos Guzman and Rezaul Karim Chowdhury.

13.      The remaining fifteen opt-in Plaintiffs are the Plaintiffs listed above who have entered into the extant Settlement Agreement with Defendants.

## SETTLEMENT OF PLAINTIFFS' CLAIMS

14.     Collectively, the total gross sum of Plaintiffs' claims is Thirty-One Thousand, Eight Hundred, Eighty-Three dollars and Seventy-Five cents ($31,883.75).[2]

15.     The Settlement Payment made to each Plaintiff does not necessarily represent the exact amount that each Plaintiff may be owed by the Defendants for back wages, unpaid wages, or other damages.  The Settlement Payment is based on a sum negotiated by Plaintiffs' counsel with the consent of each Plaintiff in order to resolve this litigation.

---

[1] Out of the 1225 notices that were mailed, 415 were returned with no forwarding address.
[2] Please see Exhibit 1 attached to the Settlement Agreement for a breakdown of each Plaintiffs Settlement Payment.

16.     Plaintiffs recognize the uncertainties of the outcome of this action and have agreed to settle their claims after extensive arms-length bargaining and after taking into account the expense and length of time necessary to prosecute and defend the action through trial.

17.     If litigation continues it may take years before there would be a final adjudication of the claims asserted.  In contrast, the proposed settlement provides substantial and immediate benefits to Plaintiffs.

18.     Based on these considerations, and without conceding any infirmity or defect in the claims Plaintiffs have asserted, Virginia & Ambinder, LLP, as their counsel, conclude that it is in the best interest of Plaintiffs to settle their claims, on the terms set forth herein, and contend such settlement to be fair, reasonable, and adequate.

## PROFESSIONAL FEES

19.     Defendants shall also pay a gross amount of Fifty-Five Thousand dollars ($55,000) to Plaintiffs' Counsel for their attorneys' fees, costs and expenses incurred in connection with litigating this action.

20.     Virginia & Ambinder, LLP has significant experience prosecuting large-scale wage and hour class and collective actions such as this one. A sampling of cases in which Virginia & Ambinder, LLP has served as Class or Collective Action Counsel includes: Cox v. Nap Construction Company, Inc., Index No. 11179/03 (Sup. Ct. N.Y. Co. 2004) (Cahn, J.), aff'd, 10 N.Y.3d 592 (2008); Dabrowski v. ABAX Inc., 2010 NY Slip Op 31981U, aff'd 4 A.D.3d 633 (1st Dept. 2011); Nawrocki v. Proto Construction and Development Corp., 82 A.D.3d 534 (1st Dept. 2011); Alfaro v. Vardaris Tech, Inc., 69 A.D.3d 436 (1st Dept. 2010); Kudinov v. Kel-Tech Construction Inc., 65 A.D.3d 481 (1st Dept. 2009); Galdamez v. Biordi Constr. Corp., 13 Misc. 3d 1224A (Sup.Ct.N.Y.Co. June 8 2006), aff'd 50 A.D.3d 357 (Apr. 8, 2008); Pesantez v.

Boyle Environmental Services, Inc., Index No. 128988/93 (Sup. Ct. N.Y. Co. 1998) (Cahn, J.), *aff'd* 251 A.D.2d 11, 673 N.Y.S.2d 659 (1st Dept. 1998); Sullivan v. True Plumbing and Heating Corp., et al., Index No. 600409/95 (Sup Ct. N.Y. Co. 1997) (Gammerman, J.), *aff'd sub. nom.*, Sullivan v. International Fidelity Co., 225 A.D.2d 128, 679 N.Y.S.2d 391 (1st Dept. 1998); Kopacz, et al. v. St. Paul Fire and Marine Insurance Co., et al., Index No.: 111154-2008 (Sup.Ct.N.Y.Co. 2011); Lujan v. Cabana Management, Inc., Index No. 10-cv-755 (E.D.N.Y. Feb. 1 2011); In re Penthouse Exec. Club Comp. Litig., 2010 U.S. Dist. LEXIS 114743 (S.D.N.Y. Oct. 27, 2010); Greene v. C.B. Holding Corp., Index No. 10-cv-1094 (E.D.N.Y. August 12, 2010); Brieno v. USI Servs. Group, 2010 U.S. Dist. LEXIS 78672 (E.D.N.Y. Aug. 3, 2010); Cardona v The Maramont Corporation, 2009 NY Slip Op 32695U (Sup.Ct.N.Y.Co. Nov. 12, 2009); Gonzalez v. Nicholas Zito Racing Stable, Inc., 2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. Mar. 31, 2008); Guzman v. VLM, Inc., 2008 U.S. Dist. LEXIS 15821 (S.D.N.Y. Mar. 2, 2008); Pajaczek v. Cema Constr. Corp. 2008 NY Slip Op 50386U (Sup.Ct.N.Y.Co. Feb. 21, 2008); De La Cruz v. Caddell Dry Dock & Repair Co., Inc., Index No.: 26220-2002 (Sup.Ct. Bronx.Co. Jan. 9, 2007); Rodriguez v. Apple Builders & Renovators, Inc., et al., Index No.: 114971-2005 (Sup.Ct.N.Y.Co. Nov. 1, 2006); Hoffman v. New York Stone Co., Index No.: 111823-2005 (Sup.Ct.N.Y.Co. Sept. 29, 2006); Wysocki v. Kel-Tech Construction, Inc., Index No.: 603591-2003 (Sup.Ct.N.Y.Co. Sept. 26, 2005); Velez v. Majik Cleaning Serv., 2005 U.S. Dist. LEXIS 709 (S.D.N.Y. Jan. 19, 2005); Morris v. Alle Processing, Corp., Docket No. 08-CV-4874 (E.D.N.Y. Dec. 22, 2009); Nawrocki v. Crimson Construction, Docket No. 08-CV-3153 (E.D.N.Y. June 17, 2009); Barone v. Safway Steel Products, Inc., 2005 WL 2009882 (E.D.N.Y. 2005); Brunson v. City of New York, 94 Civ. 4507 (S.D.N.Y.); Andrejuk v. National Environmental Safety Co. Inc., 94 Civ. 4638 (S.D.N.Y.).

21.     Plaintiffs' Counsel's experienced representation in this case was greatly responsible for bringing about the positive settlement, and weighs in favor of granting the requested fees.

22.     As of July 22, 2010, Plaintiffs' Counsel has devoted 196.70 hours litigating and settling this case. Plaintiffs' Counsel also incurred more than $1,153.02 in out-of-pocket costs prosecuting this case, which were incidental and necessary to the representation of Plaintiffs, plus an additional $3,400.00 for class administrator fees and costs.

23.     To date, Plaintiffs' Counsel's total professional fees and costs are $71,317.86. Attached as "Exhibit A" are contemporaneous time records reflecting work devoted to this action.

24.     The parties agreed upon amount of $55,000.00 for professional fees and costs is well within the range of what courts have awarded in cases like the instant action.

25.     Plaintiffs' Counsel undertook to prosecute this action without any assurance of payment for their services, litigating the case on a wholly contingent basis in the face of tremendous risk. To date, Plaintiffs' Counsel has worked without compensation of any kind, and the fee has been wholly contingent upon the result achieved.

26.     WHEREFORE, it is respectfully requested that this Court grant final approval of the Settlement Agreement and for Plaintiffs' Counsel's agreed upon award of professional fees and costs.

Dated: August 11, 2011
        New York, New York

_____/s/_____
Lloyd R. Ambinder

-7-